IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-176-FL-1
NO. 5:11-CV-476-FL

|  |  |  |
|---|---|---|
| CHRISTOPHER SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (DE 38), and the government's motion to dismiss (DE 42). United States Magistrate Judge William A. Webb entered a Memorandum and Recommendation ("M&R"), wherein it is recommended that petitioner's motion be denied and the motion to dismiss be granted. Petitioner has filed objections to the M&R and the government has responded. For the reasons stated below, the court adopts and incorporates herein the M&R in its entirety, grants the government's motion to dismiss, and dismisses petitioner's motion.

## BACKGROUND

On October 5, 2009, petitioner pleaded guilty to possession with intent to distribute five grams or more of cocaine base. On January 7, 2010, petitioner was sentenced to a term of 121 months imprisonment. Petitioner appealed and, on May 19, 2011, the Fourth Circuit affirmed the judgment of the district court. On September 8, 2011, petitioner filed the instant motion to vacate

asserting that his sentence should be vacated and set aside on the grounds that he received ineffective assistance of counsel during sentencing and on appeal. The government asserts that petitioner fails to state a viable claim of ineffective assistance of counsel.

## DISCUSSION

A.  Standard of Review

Title 28 U.S.C.§ 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

B. Analysis

To state a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984).

2

Petitioner argues that counsel was ineffective in failing to better challenge the drug amount attributable to him at sentencing. First, he argues that counsel should have specifically challenged the unreliability of a conversation between Officer Phillip Lewis and a confidential informant. (Obj. 3-6). Second, he argues that counsel was ineffective for not requesting that the district court make specific findings supporting drug amount used for purposes of relevant conduct. (Obj. 7-11). Concerning both arguments set forth in petitioner's objections to the M&R, the court finds that the magistrate judge cogently addressed the issues raised and properly determined that petitioner fails to state a viable claim of ineffective assistance of counsel. Therefore, the court adopts and incorporates in full the analysis of the M&R.

With respect to the first argument, the magistrate judge properly determined that counsel's performance was not deficient where counsel challenged in several respects the reliability of the informant conversation, and that there was no reasonable probability that, but for failure to raise more specific objection, the result at sentencing would have been different. (M&R 7-9). With respect to the second argument, the magistrate judge properly determined that counsel's performance was not deficient where counsel's objection to the drug amount was well-documented on the record, and the court sufficiently made findings regarding drug amount attributable to petitioner, and that there was no reasonable probability that, but for the failure to request more specific findings, the result at sentencing would have been different. (M&R 11-12).[1]

The court's determination regarding petitioner's ineffective assistance of counsel claim is made with benefit of careful review of the record, including the record of sentencing proceedings

---

[1] The court further adopts the findings and conclusion of the magistrate judge regarding petitioner's argument, not further specifically addressed in his objections, that counsel should have requested production of Lewis' handwritten notes. (See M&R 9-11).

3

held before this court on January 7, 2010, at which the court had the opportunity to consider arguments of counsel and testimony of Officer Lewis. Based on this review, the court finds that petitioner has not established by a preponderance of evidence a claim based upon ineffective assistance of counsel. Accordingly, the petition must be dismissed.

## CONCLUSION

Based on the foregoing, the court agrees with the conclusions reached by the magistrate judge and thus adopts his findings and recommendations. The court GRANTS the government's motion to dismiss and DISMISSES petitioner's motion to vacate. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 15th day of April, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge