IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-93-FL-1
NO. 5:09-CR-176-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| CHRISTOPHER SMITH, ) | |
| ) | |
| Defendant. ) | |

In these related cases, the court held a hearing on November 29, 2022, on defendant's pro se motion to withdraw guilty plea (DE 68), and the parties' joint motion for reconsideration of order on motion to appoint limited counsel (the "motion for reconsideration"), and defendant's alternative consent motion to withdraw as defense counsel (the "motion to withdraw") (DE 73), filed in case No. 5:20-CR-93-FL-1 (hereinafter, the "2020 matter). Defendant appeared through counsel Elliot Sol Abrams and Jonathan W. Trapp, and with the government appeared through counsel Caroline L. Webb. The court memorializes herein its reasons for rulings at hearing, addresses the status of defendant's representation case No. 5:09-CR-176-FL-1 (the "revocation matter"),[1] and sets forth procedures for case scheduling in both related cases going forward.[2]

---

[1] In the revocation matter, only attorney Jonathan W. Trapp has entered an appearance for defendant. At hearing on November 29, 2022, the court understood Jonathan W. Trapp to be representing defendant both for purposes of the revocation matter and in case No. 5:20-CR-93-FL-1 (hereinafter, the "2020 matter"). The court accordingly addresses the status of representation in the revocation matter also in this order.

[2] Also pending before the court in the 2020 matter are defendant's motion to continue sentencing (DE 79), addressed herein, and defendant's proposed sealed motion for furlough and motion to seal (DE 77, 78), which will be addressed by separate order.

Taking up first the motion for reconsideration, the court denied the motion on the basis that substitution of counsel was not warranted in the circumstances presented and in the context of the pro se motion to withdraw guilty plea. The court heard counsel for defendant and the government, however, further regarding the alternative motion to withdraw. Counsel for defendant provided an overview to the court further factual allegations underlying the pro se motion to withdraw, as pertinent to the issue of whether there existed a conflict of interest with further representation by current counsel. On the issues raised by the alternative motion to withdraw, the government agreed that a conflict exists under the circumstances presented.

Based on the showing made in the motion and the information provided by counsel at hearing, the court determined that counsel had demonstrated an actual conflict of interest, and allowed the alternative motion to withdraw counsel. In light of the nature of the conflict, the court did not require consent of defendant in allowing the motion to withdraw. The court confirmed, however, with defendant that his pro se motion to withdraw guilty plea remained pending and that the withdraw of counsel did not impact its ruling on that motion.

The court directed the Federal Public Defender immediately appoint new counsel for defendant. On November 30, 2022, new counsel, Damon Chetson, entered an appearance for defendant in the 2020 matter.

Where the court has allowed withdraw of counsel Elliot Sol Abrams and Jonathan W. Trapp from the 2020 matter, and where the revocation matter is a related case with overlapping issues, the court finds also good cause to deem counsel Jonathan W. Trapp withdrawn from the revocation matter for the same reasons as withdraw was required in the 2020 matter. The court DIRECTS the Federal Public Defender to appoint also new counsel Damon Chetson as counsel of record for defendant in the 2020 matter.

2

Because of the need for new counsel to prepare for representation of defendant, the court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy resolution, to the extent any such interests adhere in this circumstance. Given the pendency of defendant's pro se motion to withdraw guilty plea, and the need for new counsel to prepare for representation of defendant, the court GRANTS defendant's motion to continue sentencing (DE 79) and resets sentencing from the December 13, 2022, term of court, pending further order by the court.

For purposes of determining a case schedule going forward, including for address of the pending motion to withdraw defendant's guilty plea, the court sets the 2020 matter for Rule 17.1 conference to take place before United States Magistrate Judge Robert B. Jones, Jr., at the December 12, 2022, term of court.

SO ORDERED, this the 2nd day of December, 2022.

                                                LOUISE W. FLANAGAN
                                                United States District Judge

3

Case 5:09-cr-00176-FL   Document 98   Filed 12/02/22   Page 3 of 3